UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAWULE TEPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-cv-00158-JRG-SKL |
| ) | |
| WHIRLPOOL CUSTOMER EXPERIENCE ) | |
| CENTER, a/k/a WHIRLPOOL CXC; ) | |
| PATTON MUSICK; MONICA CULPEPPER; ) | |
| MARK JONES; AND DAKIA TAYLOR, ) | |
| ) | |
| Defendants. | |

## ORDER

Pro se Plaintiff Mawule Tepe ("Plaintiff") is before the Court asserting harassment, intimidation, false accusation, discrimination, and other claims against Defendants Whirlpool Customer Experience Center, Patton Musick, Monica Culpepper, Mark Jones, and Dakia Taylor (collectively, "Defendants"), in connection with his employment. Among the several pending motions are Plaintiff's motion to compel [Doc. 49] and motion for additional time to review and update that motion to compel following supplemental discovery responses by Defendants [Doc. 57]. Defendants filed responses objecting to both motions [Doc. 55 & Doc. 59].

Plaintiff's original motion seeks to compel Defendants to respond to written discovery requests, specifically Interrogatory Nos. 1-5, 9-11, and 13-17 and Request for Production Nos. 1-7 and 9-12. Since the filing of the original motion, which Defendants contend was filed prematurely, not in good faith, and not after fully conferring, Defendants have filed supplemental discovery responses. Based on the parties' filings, it appears that the only remaining discovery

requests to which Defendants continue to object are Interrogatory Nos. 3, 5, and 15 and Request for Production Nos. 4 and 5.

Instead of conferring with Defendants about any remaining discovery dispute post-supplementation or replying to the merits of any remaining dispute, Plaintiff filed another motion seeking an extension of time to "update" the motion to compel and find a lawyer. At least at this time, Plaintiff has not argued the supplemental responses are inadequate or that he has conferred with Defendants about any perceived inadequacies. Although Plaintiff contends he has had difficulty getting time off of work to address this case due to his limited vacation time, Plaintiff has not adequately explained why he has not at least attempted to address the merits of any remaining discovery dispute or to engage in adequate conferral with Defendants to address any remaining discovery disputes. Moreover, given that this case has been pending since May 24, 2019, Plaintiff, who has been a prolific filer of motions and discovery requests, has had more than enough time to engage the services of an attorney and has not explained his delay in doing so.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion seeking to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." It appears that Plaintiff has not properly conferred with Defendants—at least since the supplemental responses—regarding any remaining discovery issues. Under these circumstances, the Court will deny both motions.

Significantly, discovery in this case must be completed by April 28, 2020 [Doc. 31]. If Plaintiff contends the supplemental discovery responses do not comply with the applicable rules and case law, he may file a proper motion to compel **after first engaging in the required good faith conferral process**. *See* Fed. R. Civ. P. 37(a)(1) (a motion seeking to compel discovery "must

include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Any such renewed motion to compel must be filed not later than 30 days prior to the completion of discovery (i.e., by March 28, 2020) in order to allow the Court to address any written discovery deficiencies prior to the deadline for the closure of discovery. *See e.g., Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) ("While Rule 37(a) permits a party to move to compel discovery, it applies '*during* the discovery process.'" (quoting *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 208 (1999))); *Hyland v. Homeservices of America, Inc.*, No. 3:05-CV-612, 2012 WL 1680109, at *4-6 (W.D. Ky. May 14, 2012) (collecting cases and concluding that a motion to compel filed only ten days before the close of discovery is untimely).

Accordingly, Plaintiff's motion to compel [Doc. 49] and motion for additional time to review and update that motion to compel [Doc. 57] are **DENIED**. Each party is responsible for his, her or its own fees and costs associated with the motions for now. All parties are warned that discovery sanctions may be imposed for any abuses of the discovery process. The Court also encourages Plaintiff to engage a lawyer sooner rather than later if he intends to and is able to do so.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE