UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAWULE TEPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:19-CV-158-KAC-SKL |
| | ) |
| WHIRLPOOL CUSTOMER EXPERIENCE | ) |
| CENTER, A/K/A WHIRLPOOL CXC; | ) |
| PATTON MUSICK; MONICA CULPEPPER; | ) |
| MARK JONES; AND DAKIA TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF
LEAVE TO FURTHER AMEND HIS THIRD AMENDED COMPLAINT**

This matter is before the Court because Plaintiff has filed various motions and documents attempting to, or purporting to, further amend his Third Amended Complaint [*See* Docs. 50, 52, 56, 96]. Because Plaintiff has failed to demonstrate that justice requires the Court to grant him further leave to amend his Third Amended Complaint, the Court denies Plaintiff's motions.

**I.      BACKGROUND**

Plaintiff, who is proceeding pro se, has a long running dispute with Whirlpool Corporation that dates back to at least 2019 [*See* Doc. 1]. He has filed three additional separate lawsuits that are in some way related to the instant action. *See* 1:20-cv-332, *Tepe v. Whirlpool Corp., et al.* (E.D. Tenn.); 1:22-cv-136, *Tepe v. Whirlpool Corp.* (E.D. Tenn.), currently on appeal 22-5826, *Tepe v. Whirlpool Corp.* (6th Circuit); 1:22-cv-252, *Tepe v. Nelson, et al.* (E.D. Tenn.).

Plaintiff filed his original Complaint in this action on May 24, 2019 [Doc. 1]. Plaintiff filed a first Amended Complaint on June 28, 2019 [Doc. 16]. Defendants moved to dismiss the Amended Complaint [Doc. 18]. One month later Plaintiff moved for leave to file a Second

Amended Complaint [*See* Doc. 30]. The Court granted Plaintiff's motion but warned that Plaintiff "should familiarize himself with all of the rules as failure to adhere to any applicable rule may result in sanctions" [Doc. 32]. Defendants moved to dismiss Plaintiff's Second Amended Complaint [Doc. 34]. In October 2019, the Court granted Plaintiff leave to amend his Second Amended Complaint due to Plaintiff's apparent confusion regarding whether an amended complaint would supplement or supersede the original complaint [*See* Doc. 41 at 2-3, 5]. But the Court warned Plaintiff "that his pro se status or ignorance of applicable caselaw will not excuse his failure to understand applicable precedent" [Doc. 41 at 2]. Plaintiff's Third Amended Complaint is thus his current operative complaint in this action [*See* Doc. 42].[1] Defendants have moved to dismiss Plaintiff's Third Amended Complaint [*See* Doc. 43].

Plaintiff has now attempted to amend his Third Amended Complaint four additional times [*See* Docs. 50, 52, 56, 96]. Plaintiff's latest "Motion for Leave to File a Fourth Amended Complaint" purports to include "THE LATEST SIGNIFICANT DEVELOPMENT" in Plaintiff's case, so the Court construes it as Plaintiff's operative request for leave to amend [*See* Doc. 96 at 1 (emphasis in original)].

The Court's Scheduling Order established a December 30, 2019 deadline to amend pleadings [Doc. 31 ¶ 8(a)]. Plaintiff filed his operative motion to amend nearly nine (9) months after the deadline to amend pleadings and nearly ten (10) months after Defendants moved to dismiss Plaintiff's Third Amended Complaint [*See* Docs. 31, 43, 96]. Plaintiff seeks to add substantive counts against the existing Defendants based on the same underlying conduct as his initial complaint and add "Whirlpool Corporation" as a defendant [*See* Docs. 1, 96-1].

---

[1] The Third Amended Complaint that Plaintiff filed [Doc. 42] differs from his proposed Third Amended Complaint [Doc. 40-1], in violation of Local Rule 15.1. *See* E.D. Tenn. L.R. 15.1.

2

## II. APPLICABLE LAW

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court may deny a motion to amend for "***undue delay***, bad faith or dilatory motive on the part of the movant, ***repeated failure to cure deficiencies by amendments previously allowed***, ***undue prejudice to the opposing party by virtue of allowance of the amendment***, [and] futility of the amendment." *Forman*, 371 U.S. at 182 (emphasis added). "Ordinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). But "at some point," "delay will become undue." *Id.* (internal citations omitted). Extensive, unexplained delay may constitute an undue delay. *See, e.g., Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011) (concluding that a seven-month delay between filing of dispositive motions and moving to amend created undue delay and prejudice). Repeated failure to cure deficiencies in the complaint may also justify denying leave to amend. *See Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time."). Prior notice of a deficiency is a "'critical factor[] in determining whether an amendment should be granted.'" *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2011)).

## III. ANALYSIS

Here, undue delay, failure to cure previously-identified deficiencies, and substantial prejudice to Defendants prevent the Court from granting Plaintiff a fourth opportunity to amend his complaint. ***First***, Plaintiff's operative Motion to Amend—filed nearly nine (9) months after the deadline to amend pleadings and ten (10) months after Defendants moved to dismiss the operative complaint—is untimely with no valid explanation [*See* Docs. 31, 96]. ***Second***, Plaintiff

3

has been given ample notice of the deficiencies in his various complaints, but he has provided no explanation for his failure to remedy the previously-identified deficiencies [Docs. 18, 34, 96]. *See Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 (6th Cir. 2008) (Prior notice of a deficiency is a "critical factor[] in determining whether an amendment should be granted." (quoting *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2011))). Defendants have already moved to dismiss Plaintiff's complaints three times and yet the new claims Plaintiff attempts to assert in his proposed Fourth Amended Complaint suffer from the same defects Defendants previously identified [*See* Docs. 18, 34, 96-1]. Plaintiff's repeated failure to cure these deficiencies further justifies denying leave to amend. *See Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2011) ("Because the district court had already allowed for two amendments, it was not an abuse of discretion to deny leave to amend a third time.").

**Finally**, permitting Plaintiff to further amend his Third Amended Complaint at this point in the litigation would severely prejudice Defendants. Granting Plaintiff leave to amend his complaint for a fourth time would require Defendants to relitigate their Motion to Dismiss [Doc. 42], something Defendants have already been required to do twice before to accommodate Plaintiff's amendments [*See* Docs. 18, 34]. This would undoubtedly cause substantial prejudice, and expense, to Defendants. *See Knight Cap. Partners Corp. v. Henkel AG & Co.*, 930 F.3d 775, 786 (6th Cir. 2019) (denying leave to amend where granting the amendment would have "required re-briefing on a contentiously-litigated motion"); *Murphy*, 406 F. App'x at 977 ("[G]ranting the motion to amend would have resulted in undue delay and prejudice. Numerous defendants would have been required to file answers to the amendment and resubmit their summary judgment motions in light of the amendment.").

4

## IV. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff further leave to amend his Third Amended Complaint [Docs. 96, 50, 52, 56].

IT IS SO ORDERED.

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge